IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 12-013-M-DLC |
| --- | --- |
| Plaintiff/Respondent, | CV 13-213-M-DLC |
| vs. | ORDER GRANTING § 2255 MOTION |
| THOMAS RANDOLPH BELL, | |
| Defendant/Movant. | |

**FILED**
MAR 25 2014
Clerk, U.S District Court
District Of Montana
Missoula

On October 16, 2013, Defendant/Movant Bell filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Bell is a federal prisoner proceeding pro se.

## I. Bell's Claim Regarding the Untimely § 851 Information

Bell asserts that his counsel was ineffective because he failed to object to the Untied States' untimely filing of an Information under 21 U.S.C. § 851. He alleges that he was prejudiced because his term of supervised release was doubled as a result of counsel's failure to object. Mot. § 2255 at 4 ("GROUND ONE"). Based on the § 851 Information and all the other factors that go into fashioning a federal sentence, Bell was sentenced to serve 200 months in prison, to be followed by a ten-year term of supervised release. Judgment (Doc. 97) at 2-3.

Bell pled guilty, pursuant to a plea agreement, on June 26, 2012. Both the plea agreement and the parties' statements at the plea colloquy represented that the

1

United States had filed an Information under 21 U.S.C. § 851. Enhanced penalties under § 851 were discussed in the agreement and at the colloquy. But the United States did not, in fact, file an § 851 Information before Bell pled guilty. It did not file the § 851 Information until nearly two months later, on August 22, 2012.

On February 27, 2014, the United States was ordered to show cause why Bell's motion should not be granted. It responded on March 21, 2014.

Although the United States argues that "non-constitutional" errors are not cognizable in § 2255 proceedings, Resp. to Order (Doc. 127) at 2-3, Bell's motion alleges a violation of the Sixth Amendment. If counsel's performance was unreasonable and Bell was prejudiced as a result,[1] then there was a Sixth Amendment violation. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). While the error alleged here did not belong to defense counsel alone, the claim Bell makes is a constitutional one. In addition, while the United States is correct that Bell waived his right to collaterally attack his sentence, Resp. to Order at 10-12, he did not waive his right to bring a claim of ineffective assistance of counsel, Plea Agreement (Doc. 60) at 8 ¶ 8(a) para. 2, 11 ¶ 8(c) para. 2.

Thus, the question is whether counsel performed unreasonably by failing to object to the United States' untimely filing of an Information under 21 U.S.C. §

---

[1] Bell contends counsel failed to object "at time of Change Of Plea Hearing, at Sentencing, or by Appeal." Mot. § 2255 at 4. If counsel had objected at the change of plea hearing, the United States might have been able to timely file the § 851 Information. Bell was not prejudiced at that time. After Bell pled guilty, the situation was different.

2

851. The United States attempts to show that Bell knew he was subject to enhanced penalties under § 851. Resp. to Order at 4-9. It does not respond directly to Bell's claim of ineffective assistance of counsel, but presumably its theory is that counsel was not ineffective because counsel and Bell both knew the § 851 Information was "out there" as a possibility. This argument would logically apply, at minimum, to any defendant who knows he has previously been convicted of a crime that will qualify as a felony drug offense under federal law and who knows the United States knows it. It proves too much.

Referring to the plea agreement, the United States asserts that it "filed its intent to use Bell's prior conviction . . . nearly a week before Bell plead guilty via the plea agreement." Resp. to Order (Doc. 127) at 7-8. When the United States filed the plea agreement, it represented the § 851 Information had already been filed. It had not. In neither the plea agreement nor the plea colloquy did the United States "identify the previous conviction(s)" on which it intended to rely. *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003) (en banc). Consequently, filing of the plea agreement did not satisfy the requirements of § 851 and could not serve as a substitute for adequate notice.

The fact that Bell's conviction was final more than five years before the United States sought to rely on it, *see* Resp. to Order at 8-9, means that it fell outside the statutory collateral review provided by 21 U.S.C. § 851(c)(2). *See*

3

*Custis v. United States*, 511 U.S. 485, 491-92 (1994) (contrasting collateral attack authorized under § 851(c) with Armed Career Criminal Act, which does not authorize collateral attack on underlying state or federal conviction used to enhance federal sentence). But the age of a conviction has no bearing on the defendant's ability, under § 851(b) and (c)(1), to deny it occurred or to deny it qualifies as a "prior conviction for a felony drug offense"; so, ultimately, the age of a conviction does not qualify or excuse the United States' obligation to comply with the statute's notice requirements. Nor could any argument be made that Bell "waived his § 851 protections." Resp. to Order at 6 n.1. Given the language of the plea agreement, *see* Plea Agreement (Doc. 60) at 2-3 ¶ 2 para. 2, it is clear that both the United States and Bell mistakenly thought the United States *complied* with § 851. That is not waiver but insistence on fulfillment of the statutory requirements.

The ineluctable conclusion is that the United States did not comply with the notice requirements of § 851. *See* Order to Show Cause (Doc. 121) at 2-3. As a result, Bell had the same notice any defendant has when the United States and defense counsel discuss a defendant's prior convictions as enabling the government to seek an enhanced sentence. Bell knew he had prior convictions. He knew the United States knew he had prior convictions. He knew the United States could choose to file an Information under 21 U.S.C. § 851. And he knew that filing

of an Information would subject him to enhanced penalties on conviction. But Bell did not have notice the United States had taken the steps required to impose an enhanced penalty, because the United States did not take the steps required to impose an enhanced penalty. In sum, Bell had exactly the same notice he would have had if the United States decided *not* to file an Information under § 851.[2]

The United States also argues that Bell was not prejudiced because his sentence was not determined exclusively by application of 21 U.S.C. §§ 841(b)(1)(A) and 851. Resp. to Order at 10-13. At any time after Bell pled guilty and before sentencing, had defense counsel pointed out that the § 851 Information was not timely filed, there would have been no 20-year mandatory minimum prison term and no ten-year mandatory minimum term of supervised release. Consideration of the appropriate sentence under 18 U.S.C. § 3553, as well as the extent of any possible departures and both parties' decisions as to what to request and what to challenge, would all have been placed on a different footing. Correction of the term of supervised release, *see* Resp. to Order at 13, does not address the nature of the error. The filing of an § 851 Information means more than that, presumably to the parties, and certainly to the Court.

As Bell was sentenced under the wrong statutory legal parameters, he was

---

[2] Since it is fair to describe the facts underlying Bell's claim as accident or oversight, perhaps the emphasis should read, "Bell had exactly the same notice he would have had if the United States *decided* not to file an Information under § 851."

5

prejudiced by counsel's unreasonable failure to object to the United States' failure to timely file the Information. *See generally* 18 U.S.C. § 3553(a)(3); *see also Kimbrough v. United States*, 552 U.S. 85, 100-01 (2007).

Bell must be resentenced, clear of the shadow of § 851.

## II. Other Claims

Bell also objects to the gun enhancement imposed under U.S.S.G. § 2D1.1(b)(1). *See* Mot. § 2255 at 5-6 ("GROUND TWO"); Presentence Report ¶ 49. This claim is moot in light of his impending resentencing.

It is not clear whether Bell seeks also to challenge the voluntariness of his guilty plea. He may discuss that issue with new counsel when he returns to the District of Montana for resentencing; new counsel may advise Bell of the advantages and drawbacks of attacking the plea and may file an appropriate motion. Fed. R. Crim. P. 11(d)(2).

Resentencing will be set by separate Order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Bell's motion under 28 U.S.C. § 2255 (Doc. 118) is GRANTED as to his first claim and DISMISSED as to his other claims.

2. The Information filed under 21 U.S.C. § 851 (Doc. 82) is STRICKEN. It will remain in the public record, but the docket text shall reflect that it is stricken, pursuant to this Order, as having been untimely filed.

3. The criminal Judgment entered on October 11, 2012 (Doc. 97), is VACATED.

4. On the date a new criminal judgment is entered, the Clerk of Court shall enter judgment in the civil case, by separate document, in favor of Bell and against the United States as to Bell's claim that counsel was ineffective for failing to object to the United States' failure to comply with 21 U.S.C. § 851 and a judgment of dismissal as to Bell's other claims.

5. The United States Marshals Service shall transport Bell to the District of Montana for resentencing, to be held on **Wednesday, July 23, 2014, at 9:00 a.m.**, at the Russell Smith Courthouse in Missoula, Montana.

6. The Federal Defenders of Montana shall promptly locate conflict-free counsel to represent Bell at resentencing. The attorney willing to accept the appointment must immediately file a Notice of Appearance. The Court will then issue a formal order of appointment.

DATED this 25th day of March, 2014.

Dana L. Christensen, Chief Judge
United States District Court

cc: USMS
FDOM

7